UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON FISK, et al., *individually and on behalf of all those similarly situated*,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22cv173-TWR (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' EX PARTE MOTION [ECF NO. 96]; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER** |

　　　　Pending before the Court is "Plaintiffs' Ex Parte Motion to Modify Scheduling Order," seeking a sixty-five day extension of the following deadlines: (a) motion for class certification deadline; (b) remaining discovery schedule; and (c) pretrial motions deadline.  (ECF No. 96, "Ex Parte Motion.")  Plaintiffs explain that despite their best efforts to transition representation from Bailey & Glasser, LLP to Clarkson Law Firm, P.C., counsel encountered many technological problems transferring data and files, "which prevented Clarkson's lawyers from conducting a fulsome assessment of them until August 29, 2024."  (Id. at 3.)  Additionally, Plaintiffs contend there is good cause for an extension because Defendants have not substantially completed their production in response to Plaintiffs' more than seventy document requests; Defendants have only

produced partial information as to financial aid and treatment and benefits provided to student-athletes; Defendants have not responded to many discovery deficiencies identified in a May 30, 2024, letter; and Defendants have only proposed site inspection dates after Plaintiffs' expert reports are currently due. (Id.) Accordingly, Plaintiffs request that the Court continue all deadlines preceding the Mandatory Settlement Conference brief deadline by sixty-five days. (Id. at 10.) Defendants declined to consent to Plaintiffs' request. (Id.)

      A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Court issued its original Scheduling Order on December 21, 2023. (ECF No. 76.) On April 30, 2024, the Court granted the parties' joint request to extend all discovery deadlines by thirty days and to move the deadline for Plaintiffs' motion for class certification to thirty days after the close of fact discovery. (ECF No. 85.) On August 7, 2024, the Court partially granted Plaintiffs' first ex parte request to modify the Scheduling Order, continuing only the class certification deadline by thirty days. (ECF No. 93.)

      After conferring with counsel for the parties [ECF No. 98] and reviewing Plaintiffs' submission, the Court finds good cause exists to **GRANT** the Ex Parte Motion. The Court **ISSUES** the following Amended Scheduling Order:

| Event | Current Date | New Date |
| --- | --- | --- |
| Class certification deadline | September 19, 2024 | **November 22, 2024** |
| Compliance with disclosure provisions in Rules 26(a)(2)(A) and (B) | October 2, 2024 | **December 6, 2024** |

| | | |
|---|---|---|
| Supplemental disclosure pursuant to Rule 26(a)(2)(D) | October 16, 2024 | **December 20, 2024** |
| Close of fact and expert discovery | November 18, 2024 | **January 21, 2025** |
| Pretrial motions deadline | December 18, 2024 | **February 21, 2025** |
| Mandatory Settlement Conference ("MSC") | March 7, 2025, at 9:30 a.m. before Magistrate Judge Michael S. Berg. | **No change** |
| MSC briefs due | February 28, 2025 | **No change** |
| Memoranda of Contentions of Fact and Law | March 20, 2025 | **No change** |
| Compliance with pretrial disclosure requirements of Rule 26(a)(3) | March 20, 2025 | **No change** |
| Meeting of counsel pursuant to Local Rule 16.1(f)(4) | March 27, 2025 | **No change** |
| Plaintiffs send Proposed Pretrial Order to opposing counsel | April 3, 2025 | **No change** |
| Lodging of Proposed Final Pretrial Conference Order | April 10, 2025 | **No change** |
| Final Pretrial Conference | April 24, 2025, at 1:30 p.m. before the Honorable Todd W. Robinson | **No change** |

The parties are warned that future continuances will not be considered absent extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: September 16, 2024

Honorable Michael S. Berg
United States Magistrate Judge