| | |
|---|---|
| Scott R. Eldridge (Michigan Bar No. P66452)<br>Brian M. Schwartz (Michigan Bar No. P69018)<br>Erika L. Giroux (Michigan Bar No. P81998)<br>Ashley N. Higginson (Michigan Bar No. P83992)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Tel: (313) 963-6420<br>eldridge@millercanfield.com<br>schwartzb@millercanfield.com<br>giroux@millercanfield.com<br>higginson@millercanfield.com<br>*Attorneys for Defendants* | ROB BONTA<br>Attorney General of California<br>JENNIFER L. SANTA MARIA, SBN 225875<br>Deputy Attorney General<br>  600 West Broadway, Suite 1800<br>San Diego, CA 92101<br>P.O. Box 85266<br>San Diego, CA 92186-5266<br>Telephone: (619) 738-9099<br>Fax: (619) 645-2012<br>E-mail: Jennifer.SantaMaria@doj.ca.gov<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all those similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, and SAN DIEGO STATE UNIVERSITY<br><br>  Defendants. | Case No. 3:22-cv-00173-TWR-MSB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS MAYA BROSCH AS A PLAINTIFF WITHOUT PREJUDICE [ECF NO. 107]**<br><br>Date: April 10, 2025<br>Time: 1:30 p.m.<br>Courtroom: 14A<br>Judge: Hon. Todd W. Robinson<br>Magistrate: Hon. Michael S. Berg |

## I. Introduction

SDSU is sympathetic to Plaintiff Brosch's situation and does not oppose her request to dismiss her claims against SDSU and withdraw as a named Plaintiff. However, SDSU disagrees with Plaintiffs regarding the conditions that should apply to Plaintiff Brosch's dismissal of her claims and withdrawal from this case. This case has been ongoing for nearly three years, during which Plaintiff Brosch has been an active participant. Plaintiff Brosch has accused SDSU of discrimination, pursuing claims against SDSU for violating Title IX with respect to athletic financial aid, treatment and benefits, and retaliation; submitted written discovery responses, including several supplemental sets; and produced over a thousand pages of documents. On her behalf, her attorneys have published press releases accusing SDSU of wrongdoing.[1]

Plaintiffs now—after several requests from SDSU for dates for Ms. Brosch's deposition—ask that Ms. Brosch be treated like any other member of the putative class rather than a named Plaintiff. Yet Plaintiffs have been unwilling to agree to any limitations on Ms. Brosch's future participation in this case that would effectuate that request. Essentially, Plaintiffs want to preserve their ability to rely on evidence from Ms. Brosch and her ability to rejoin this lawsuit as a named Plaintiff <u>in the future</u>, while limiting SDSU's ability to examine or take discovery from Ms. Brosch regarding her support for Plaintiffs' claims <u>in the present</u>. Those are not fair terms.

If the Court dismisses Ms. Brosch as a named Plaintiff, SDSU requests that the Court either dismiss Ms. Brosch's claims against SDSU with prejudice, or dismiss Ms. Brosch's claims against SDSU without prejudice but subject to the limitations set forth in Section II.B below.

---

[1] *See, e.g.,* https://www.prnewswire.com/news-releases/title-ix-sex-discrimination-case-against-sdsu-moves-forward-again-court-holds-all-women-athletes-can-sue-for-damages-future-discrimination-can-be-barred-301931146.html; https://www.baileyglasser.com/news-Court-Holds-All-Title-IX-Plaintiffs-Can-Sue-SDSU-for-Retaliation

## II.     Argument

### A.     Standard of Review

"Rule 41(a)(2) 'allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action[.]'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017); Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). "Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.* (cleaned up). "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 1280.

### B.     The Court Should Dismiss Plaintiff Brosch's Claims with Prejudice or Fashion Appropriate Terms and Conditions Regarding Brosch's Future Participation in this Lawsuit

Under the circumstances, a dismissal with prejudice is the more appropriate route for dismissing Plaintiff Brosch's claims. Plaintiff Brosch has actively litigated this case for nearly three years and participated in written and document discovery. While Ms. Brosch currently does not wish to participate at that level, as framed, Plaintiffs' requested relief would allow her to simply reassert her claims at any time in the future as a named Plaintiff and to pick back up with the litigation when she decides she has the "energy" to do so. (*See* Pls.' Mot. ¶ 1, ECF No. 107, PageID.2177). That includes after discovery closes next month, at which time SDSU will no longer have the opportunity to depose Ms. Brosch.

SDSU appreciates Ms. Brosch's current situation and that she is facing a difficult decision regarding this lawsuit. However, that decision may be difficult

does not mean that Plaintiffs can have it both ways and allow Ms. Brosch to participate at whatever level is most convenient at any given time. Given the length of Ms. Brosch's active participation as a named Plaintiff and the potential prejudice to SDSU from Ms. Brosch rejoining the lawsuit in the future after discovery closes, the Court should dismiss Ms. Brosch's claims <u>with</u> prejudice. *See Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010) ("The phrase 'terms that the court considers proper' provides district courts the discretion to dismiss with or without prejudice.") (concluding that voluntary dismissal with prejudice was appropriate where dismissal without prejudice could result in allowing plaintiff to avoid obligations under settlement and release).

If the Court is instead inclined to dismiss Ms. Brosch's claims without prejudice, SDSU requests that the Court impose certain terms and conditions on Ms. Brosch's future participation in this case. As SDSU previously indicated to Plaintiffs, if a class is certified, SDSU does not oppose Ms. Brosch being a class member after stepping down as a named Plaintiff—SDSU is instead concerned about its ability to obtain evidence from Ms. Brosch and Plaintiffs' intent to rely on evidence from Ms. Brosch after she is no longer a named Plaintiff. (*See* Email, ECF No. 107-2, PageID.2189).

If Ms. Brosch withdraws as a named Plaintiff, as a matter of fairness, she should not be permitted to rejoin the lawsuit in the future as a named Plaintiff or class representative; her participation going forward, if she participates at all, should be limited to being a passive member of a class, if one is certified and Ms. Brosch qualifies as a class member.

In addition, Plaintiffs should be precluded from offering (for class certification, summary judgment, trial, or any other purposes) any evidence regarding Ms. Brosch, including but not limited to documentary evidence, affidavits, or declarations. If Plaintiffs seek to have Ms. Bosch testify or use evidence regarding her, they should be required to provide notice to SDSU of their intent to do so and

to make Ms. Brosch available for a deposition prior to her testifying or submitting the evidence. *See Kamal v. Eden Creamery, LLC*, --- F. Supp. 3d ---, 2024 WL 3958410, at *8, *9 (S.D. Cal. 2024) (Robinson, J.) (recognizing that "[c]ourts have imposed terms on discovery as a condition of voluntary dismissal"); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000) (granting motion to voluntarily dismiss certain class plaintiffs with the condition that "the production of all documents and the answering of all interrogatories already noticed by defendants be a prerequisite to a voluntary dismissal without prejudice and without costs").

SDSU respectfully submits that these conditions on Ms. Brosch's dismissal are fair, reasonable, and equitable under the circumstances.

### III.    Conclusion

For the foregoing reasons, Defendants request, if the Court grants Plaintiffs' request to dismiss Maya Brosch as a Plaintiff, that the Court either (A) dismiss Maya Brosch's claims against SDSU with prejudice or (B) dismiss Maya Brosch's claims against SDSU without prejudice but subject to the limitations described in Section II.B above.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Scott R. Eldridge*
Scott R. Eldridge (P66452)
Brian M. Schwartz (P69018)
Ashley N. Higginson (P83992)
Erika L. Giroux (P81998)
One Michigan Ave. Suite 900
Lansing, MI 48933
eldridge@millercanfield.com
schwartzb@millercanfield.com
higginson@millercanfield.com
giroux@millercanfield.com
*Attorneys for Defendants*

Dated: December 18, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing upon all ECF filing participants.

*/s/ Scott R. Eldridge*
Scott R. Eldridge (P66452)
eldridge@millercanfield.com