| | |
|---|---|
| David S. Casey, Jr. (SBN 60768)<br>Gayle M. Blatt (SBN 122048)<br>**CASEY GERRY SCHENK**<br>**FRANCAVILLA BLATT &**<br>**PENFIELD, LLP**<br>110 Laurel Street<br>San Diego, CA 92101<br>Tel: (619) 238-1811<br>dcasey@cglaw.com<br>gmb@cglaw.com<br><br>Arthur H. Bryant (SBN 208365)<br>Neda Saghafi (SBN 344633)<br>**CLARKSON LAW FIRM, P.C.**<br>22525 Pacific Coast Hwy<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Fax: (213) 788-4070<br>abryant@clarksonlawfirm.com<br>nsaghafi@clarksonlawfirm.com | Amber Eck (SBN 177882)<br>Jenna Rangel (SBN 272735)<br>**HAEGGQUIST & ECK, LLP**<br>225 Broadway, Ste 2050<br>San Diego, CA 92101<br>Tel: (619) 342-8000<br>ambere@haelaw.com<br>jennar@haelaw.com<br><br>Carey Alexander (SBN 5188461)<br>**CLARKSON LAW FIRM, P.C.**<br>590 Madison Ave., 21st Floor<br>New York, NY 10022<br>Tel: (646) 290-6009<br>Fax: (213) 788-4070<br>calexander@clarksonlawfirm.com |

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, and SAN DIEGO STATE UNIVERSITY,<br><br>        Defendants. | Case No. 3:22-cv-00173-TWR-MSB<br><br>**PLAINTIFFS' REPLY ISO MOTION TO DISMISS MAYA BROSCH AS A PLAINTIFF WITHOUT PREJUDICE**<br><br>Judge: Hon. Todd W. Robinson<br>Courtroom: 14A<br>Date: April 10, 2025<br>Time: 1:30 p.m. |

Plaintiffs respectfully submit this Reply In Support of their Motion to Dismiss Maya Brosch as a Plaintiff Without Prejudice, ECF No. 117 ("Motion"). Plaintiffs seek Ms. Brosch's dismissal without prejudice due to the tragic passing of her father. In their Response, ECF No. 120 ("Response"), Defendants confirm that Plaintiffs' Motion should be granted. Defendants say: "SDSU does not oppose Ms. Brosch being a class member after stepping down as a named Plaintiff[.]" Response at 3. That is all Plaintiffs are seeking. Dismissing Ms. Brosch as a Plaintiff *with prejudice*, however, as Defendants seek, would bar her from doing that—and from receiving any relief Plaintiffs recover for class members. It would harm and retaliate against her after her father died.

Under Rule 41(a), dismissals are presumptively without prejudice. The law, cited by Plaintiffs and Defendants without disagreement, requires Defendants to show they would suffer "plain legal prejudice" as a result of the dismissal. *See generally* Response at 2 (quoting *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023)); Motion at 1 (quoting *Zanowick v. Baxter Healthcare Corp.*, 850 F. 3d 1090, 1093 (9th Cir. 2017)). Defendants do not even attempt to do so. Instead, they advance an argument based on the possibility that Ms. Brosch, after being dismissed as a Plaintiff without prejudice, could decide to become a Plaintiff again. But that does not meet what the law requires. And it ignores both the law and the facts. Legally, Rules 15(a) and 16(b) would protect Defendants if Ms. Brosch overcame her grief and changed her mind. Factually, Plaintiffs have made clear that Ms. Brosch, for understandable reasons, has no interest in serving as a Plaintiff, now or in the future.

Equally unjustified is Defendants' argument that, if Ms. Brosch is dismissed as a Plaintiff without prejudice, terms and conditions should be imposed on her future participation in this lawsuit. The terms and conditions that Defendants seek are unnecessary and make no sense. Defendants say that Ms. Brosch "should be limited to being a passive member of the class, if one is certified and Ms. Brosch qualifies as a class member." Response at 3. But (again) that is precisely the relief Plaintiffs'

motion seeks. In addition, Defendants argue: "If Plaintiffs seek to have Ms. Brosch testify or use evidence regarding her, they should be required to provide notice to SDSU of their intent to do so and to make Ms. Brosch available for a deposition prior to her testifying or submitting the evidence." Response at 3-4. But, in response to Defendants' still-continuing insistence on taking Ms. Brosch's deposition because she is a Plaintiff—while they resist her withdrawal as a Plaintiff—Plaintiffs have already offered to agree to these terms. Declaration of Arthur Bryant ("Bryant Decl.") at ¶ 3, **Ex. 2,** No. 7. Defendants have refused to accept them. *See generally* Bryant Decl. at ¶ 4, **Ex. 3**. And, of course, if no agreement is reached and Plaintiffs attempt to introduce evidence from or about Ms. Brosch as a surprise, the Federal Rules of Evidence fully protect Defendants' ability to seek exclusion or a deposition then. There is simply no basis for allowing Defendants to impose conditions on Ms. Brosch's future participation in this lawsuit to allow her to withdraw as a Plaintiff now.

### I.  Defendants will not suffer any "plain legal prejudice" if Ms. Brosch is dismissed as a Plaintiff without prejudice.

In general, as Plaintiffs' Motion noted, dismissals via court order under Rule 41(a)(2) are without prejudice. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Departure from this general rule arises if the Court determines that the non-moving party would suffer "some plain legal prejudice as a result of the dismissal." *Zanowick*, 850 F.3d at 1093 (internal quotations omitted). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Even if Plaintiffs "merely gain[ ] some tactical advantage[,]" legal prejudice does not result. *Hamilton v. Firestone Tire & Rubber Co., Inc.* 679 F.2d 143, 145 (9th Cir. 1982).

Defendants do not contest these principles and do not try to satisfy them. They

do not mention *any* legal prejudice (much less any "plain legal prejudice") they would suffer from Ms. Brosch's dismissal. Instead, they advance an argument about potential future prejudice based on a hypothetical scenario that has no basis in fact. Defendants claim they *could* be prejudiced *if* Ms. Brosch attempts to reassert her claims as a named Plaintiff. Response at 2. But the law requires much more. Ms. Brosch *cannot* "simply reassert her claims at any time in the future as a named Plaintiff and [ ] pick back up with the litigation[.]" *Id*. "When a motion to amend the pleadings is filed after the scheduling order deadline, the court should apply a two-step analysis, under which the movant must first demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). Then the moving party must meet the requirements for amendment under Rule 15(a)." 2 Moore's Manual: Federal Practice and Procedure § 18.42. Ms. Brosch could not somehow automatically reassert herself in this lawsuit if she is dismissed as a Plaintiff without prejudice. The hypothetical potential future danger Defendants warn of simply does not exist. Finally, as Plaintiffs have consistently reiterated through nearly a month of discussion on this topic, they have no intention of reintroducing Ms. Brosch as a named Plaintiff in this case.

Defendants' insistence that Ms. Brosch be dismissed with prejudice, absent any plain legal prejudice to them, is contrary to the standard of Rule 41(a)(2). *See, e.g.*, *Westlands*, 100 F.3d at 97 (concluding that dismissal should have been without prejudice pursuant to Rule 41(a)(2) because no legal prejudice to non-moving party existed to justify dismissal with prejudice); *Hamilton*, 679 F.2d at 145 (same). Plaintiffs' Motion, therefore, should be granted and Ms. Brosch's dismissal should be without prejudice.

## II. No "terms and conditions" should be imposed on Ms. Brosch or Plaintiffs for her dismissal without prejudice.

As an alternative to dismissing Ms. Brosch with prejudice, Defendants request "that the Court impose certain terms and conditions on [her] future participation in

this case." Response at 3. The proposed "terms and conditions" are unjustified and should not be imposed.

Defendants' argument on this point begins with this premise: "As SDSU previously indicated to Plaintiffs, if a class is certified, SDSU does not oppose Ms. Brosch being a class member after stepping down as a Plaintiff[.]" Response at 3. That premise is false, in two respects.

First, Defendants have *never* previously indicated to Plaintiffs that they do not oppose Ms. Brosch being a class member after stepping down as a Plaintiff. *See generally* Bryant Decl. at ¶ 2, **Ex. 1** (Dec. 3, 2024 Email from B. Schwartz to A. Bryant stating that, "Unless Plaintiffs are willing to dismiss Maya Brosch with prejudice, which I understand is not the case, then we are not close to an agreement on the motion to dismiss"). Second, Defendants *are* opposing Ms. Brosch being a class member after stepping down as a Plaintiff—by insisting that she be dismissed as a Plaintiff *with prejudice*. *See generally* Response at 2 ("[A] dismissal with prejudice is the more appropriate route for dismissing Plaintiff Brosch's claims."). If Defendants were willing to allow Ms. Brosch to continue as a passive class member, they would not insist that she be dismissed with prejudice. As a passive class member—which is precisely the status Plaintiffs seek for Ms. Brosch—she would still be entitled to share in any class recovery. But, up to now, that is not what Defendants have said they wanted.

Instead, all of Defendants' actions have run contrary to their statement: in every meet and confer attempt in which Plaintiffs have attempted to come to resolution on this matter, Defendants have held firm that they will solely accept a dismissal with prejudice. Bryant Decl. at ¶ 2, **Ex. 1**. Defendants' new requested "condition"—that Ms. Brosch be only a passive class member—confirms that Plaintiffs' Motion should be granted.

As a second "condition," Defendants write that, "[i]f Plaintiffs seek to have Ms. Brosch testify or use evidence regarding her, they should be required to provide

notice to SDSU of their intent to do so and to make Ms. Brosch available for a deposition prior to her testifying or submitting the evidence." Response at 3-4. Defendants have no basis to prematurely condition Ms. Brosch's dismissal without prejudice on such grounds, particularly since Plaintiffs have repeatedly informed Defendants that they will not introduce any affirmative testimony from her. *See generally* Bryant Decl. at ¶ 3, **Ex. 2,** No. 5-6. Furthermore, because Defendants are insisting on deposing Ms. Brosch because she is a Plaintiff (while opposing her withdrawal as a Plaintiff), Plaintiffs have consistently offered to agree to make Ms. Brosch available for a deposition if they do seek to introduce testimony from her.[1] Bryant Decl. at ¶ 3, **Ex. 2**, No. 7. Defendants have declined that offer. *See generally* Bryant Decl. at ¶ 4, **Ex. 3**. Instead, they are asking this Court to impose it on Ms. Brosch (and Plaintiffs) as a condition for allowing her to withdraw without prejudice, even though that is entirely unnecessary—and the law offers them all the protection they need. If Plaintiffs attempt to introduce testimony or evidence from Ms. Brosch, Defendants can seek exclusion or a deposition from this Court at that time. But there is no basis to impose a blanket condition upon her now just to allow her to withdraw.[2]

---

[1] Plaintiffs have offered not to affirmatively submit witness testimony from Ms. Brosch in this matter. Plaintiffs proposed that Ms. Brosch would provide testimony only in the event that "SDSU introduce[d] evidence or file[d] something in regard to her personally." Bryant Decl. at ¶ 3, **Ex. 2**, No. 5.

[2] The two cases that Defendants cite for the proposition that this Court should impose conditions on Ms. Brosch's withdrawal without prejudice are inapposite. The first case, decided by this Court, imposed conditions on a dismissal without prejudice when Plaintiffs opted to refile the matter under a different legal theory. *See generally Kamal v. Eden Creamery, LLC,* --- F. Supp. 3d ---, 2024 WL 3958410, at *8, *9 (S.D. Cal. 2024). The facts of Ms. Brosch's dismissal are entirely different: Plaintiffs are still pursuing their case under the same legal theories. None of the conditions that this Court imposed in *Kamal* are relevant here.

The second case that Defendants cite, out of the District Court for the District of Columbia, granted certain plaintiffs' motion to dismiss without prejudice on the condition that those plaintiffs respond to all previous written discovery. *See generally In re Vitamins Antitrust Litig.,* 198 F.R.D. 296, 305 (D.D.C. 2000). Again, the facts of this matter are entirely distinguishable. There is no written discovery Defendants served on Ms. Brosch that has gone unanswered. Indeed, other than drafting identical written discovery that was served on all named Plaintiffs (consisting of nine (9)

Ms. Brosch has lost her father. Defendants should allow her to withdraw without prejudice and in peace.

### III. Conclusion

Defendants' request that Ms. Brosch be dismissed as a Plaintiff with prejudice should be denied because it is not justified under the law, is not supported by the facts, and will deprive Ms. Brosch of the ability to receive any relief Plaintiffs recover for class members in this case. It is a disturbing continuation of Defendants' retaliation against the Plaintiffs in this case. The same is true of Defendants' argument that the Court should impose "terms and conditions" on Ms. Brosch and Plaintiffs to allow Ms. Brosch to withdraw as a Plaintiff without prejudice. Plaintiffs respectfully request that this Court grant Plaintiff's Motion to Dismiss Ms. Brosch as a Plaintiff Without Prejudice.

Dated: January 15, 2025

Respectfully Submitted,

 /s/ Arthur H. Bryant
Arthur H. Bryant (SBN 208365)
Neda Saghafi (SBN 344633)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com
nsaghafi@clarksonlawfirm.com

Carey Alexander (SBN 5188461)
**CLARKSON LAW FIRM, P.C.**
590 Madison Ave., 21st Floor
New York, NY 10022
Tel: (646) 290-6009
Fax: (213) 788-4070

---

interrogatories and 33 requests for production of documents), to which Ms. Brosch responded, Defendants have not sought any additional written discovery from Ms. Brosch, and as addressed *supra*, there is no reason for the taking of Ms. Brosch's deposition at this time.

calexander@clarksonlawfirm.com

Lori Bullock (SBN AT0012240)
**CLARKSON LAW FIRM, P.C.**
309 East 5th St., Suite 202B
Des Moines, IA 50309
Tel: (213) 788-4050
lbullock@clarksonlawfirm.com

David S. Casey, Jr. (SBN 69768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Amber Eck (SBN 177882)
Jenna Rangel (SBN 272735)
**HAEGGQUIST & ECK, LLP**
225 Broadway, Ste 2050
San Diego, CA 92101
Tel: (619) 342-8000
ambere@haelaw.com
jennar@haelaw.com

*Attorneys for Plaintiffs*