# Exhibit 3

 Outlook

## RE: SDSU Title IX Case: Following Up re Motion to Dismiss Plaintiff Maya Brosch and Related Issue [MCPS-ACTIVE.FID2758066]

**From** Arthur H. Bryant <abryant@clarksonlawfirm.com>
**Date** Fri 1/3/2025 4:02 PM
**To** schwartzb@millercanfield.com <schwartzb@millercanfield.com>
**Cc** Carey Alexander <calexander@clarksonlawfirm.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; David Casey Jr. <dcasey@cglaw.com>; gmb@cglaw.com <gmb@cglaw.com>; ambere@haelaw.com <ambere@haelaw.com>; Jenna Rangel <jennar@haelaw.com>; Emily Torromeo <etorromeo@clarksonlawfirm.com>; Higginson, Ashley N. <Higginson@millercanfield.com>; Giroux, Erika L. <Giroux@millercanfield.com>; Eldridge, Scott R. <eldridge@millercanfield.com>; Rohlicek, Sydney G. <Rohlicek@millercanfield.com>; jennifer.santamaria@doj.ca.gov <jennifer.santamaria@doj.ca.gov>; Lori Bullock <lbullock@clarksonlawfirm.com>

Dear Brian,

I am writing to follow up on our discussion yesterday in regard to Maya Brosch's deposition. Your rejection of the simplified agreement I proposed below, your refusal to discuss the matter further and even try to reach an agreement, and your insistence that SDSU will be noticing Ms. Brosch's deposition were both unprofessional and truly disturbing.

As you know, Plaintiffs have moved to dismiss Ms. Brosch as a Plaintiff because her father recently passed away, she is devasted, and she wants to end her involvement in this case as quickly and cleanly as possible. Plaintiffs do not intend to introduce any testimony affirmatively from her and only want to protect her right to respond if SDSU introduces testimony or evidence about her. And they do not want SDSU to be able to use that fact to bar Plaintiffs from introducing evidence about SDSU's female student-athletes to the extent that it includes information about Ms. Brosch.

Instead of discussing Plaintiffs and SDSU's concerns and trying to resolve this issue reasonably, you simply announced that no agreement would be reached and SDSU was going to notice Ms. Brosch's deposition. As I told you yesterday, that would be harassment, plain and simple, and a continuation of SDSU's retaliation against its female student-athletes in violation of Title IX.

This is to put SDSU and you formally on notice that, if you notice the deposition of Maya Brosch, Plaintiffs will move to bar that deposition, seek an award of costs, and use that as additional evidence in support of their retaliation claim. The same is true if SDSU notices the deposition of Clare Botterill, who Plaintiffs have also moved to dismiss as a Plaintiff because her grandfather recently died, she is distraught, and she does not have the emotional strength or energy to continue either. SDSU and you should be showing Ms. Brosch and Ms. Botterill some compassion, not opposing their efforts to withdraw as Plaintiffs unless they forfeit their rights as class members and, in the meantime, insisting that it intends to subject them to questioning under oath.

If SDSU is truly concerned about protecting itself from any misuse by Plaintiffs of testimony or evidence from Ms. Brosch or Ms. Botterill, I am happy to reach an agreement that would allow it to do so.

But you made clear yesterday that is not SDSU's concern.

I urge SDSU and you to reconsider your position, show some basic human decency, and leave these two young women alone.

Sincerely,
Arthur

**Arthur Bryant**
Partner
abryant@clarksonlawfirm.com

# Clarkson

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Cell (510) 507-9972
Main (213) 788-4050
clarksonlawfirm.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.