

1999 Harrison Street
Suite 660
Oakland, CA 94612
Office 510.272.8000
Fax 510.463.0291

abryant@baileyglasser.com

# Privileged and Confidential

## REPRESENTATION AGREEMENT FOR TITLE IX LAWSUIT AGAINST SAN DIEGO STATE UNIVERSITY

**Name:** Kaitlin Heri

**Address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**City, State, Zip:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Phone (cell, home, work):** ▮▮▮▮▮▮▮▮▮

**Email addresses (personal, San Diego State)** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Varsity Team(s):** track and field     **Class Year:** 5th

1. **My Representation.** I agree to have the law firm of Bailey & Glasser, LLP ("my attorneys"), represent me in investigating and pursuing my legal claims against San Diego State University and appropriate others ("the Defendants") for discriminating against me and other women athletes by depriving us of equal athletic financial aid in violation of Title IX of the Education Amendments of 1972. If any of the contact information listed above changes, I will immediately notify my attorneys of the changes. I agree that, if I want to pursue any other lawsuits or legal issues, that will require a separate agreement.

2. **My Duties as a Class Representative.** If my attorneys file this case as a class action and designate me as a class representative, I understand that I will have certain duties to the class. I will have to cooperate fully with my attorneys, become familiar with the factual and legal basis for the case, provide my attorneys with information, and keep them informed of any relevant developments. I may have to appear for deposition, at mediation, and/or at court hearings or trials. I understand that, if I am a class representative, I will have to be loyal to the class and act in the best interests of the class, not my own self-interest. I do not expect any preferential treatment or gain at the expense of other class members.

3. **Costs, Expenses, and Attorneys' Fees.** I understand that, whether the case is filed as a class action or not, my attorneys will advance the costs and expenses of the case and will only recover their costs and expenses and their attorneys' fees, if at all, from the amounts paid by the Defendants if a settlement is reached or the case is successfully pursued. I agree that my attorneys' fees will be either the amount of the attorneys' fees recovered or one-third (1/3) of the

San Diego State Title IX
Representation Agreement
Privileged and Confidential
Page 2

attorneys' fees and the damages recovered, whichever is greater. I will not agree to any settlement that waives or settles my attorneys' ability to recover their costs, expenses, or fees without their consent.

4. **Settlement, Costs, Expenses, and Attorneys' Fees if My Lawsuit is Filed as Class Action.** If my case is brought as a class action, I understand that any settlement, costs, expenses, or attorney fees' award might have to be approved by the Court.

5. **Right to Withdraw.** I agree that my attorneys may withdraw from representing me if I do not cooperate with them or am not truthful with them. I also agree that I may also terminate my attorneys' representation of me, but, if I do, I will pay or do my best to make sure they are paid their costs, expenses, and fees through any settlement or successful resolution that is reached.

6. **Association with Other Counsel and Division of Attorney Fees.** My attorneys may associate with other counsel in this case as they see fit and agree to divide the attorneys' fees in this case with them. If they do so, my attorneys will disclose to me in writing who those counsel are and the terms of the fee division. I understand that those counsel, if any, will also only recover their costs, expenses, and fees, if at all, from the amounts recovered from the Defendants if a settlement is reached or the case is successfully pursued. My attorneys' fees will still be either the amount of the attorneys' fees recovered or one-third (1/3) of the attorneys' fees and the damages recovered, whichever is greater.

7. **Consent to Joint Representation and Sharing of Confidential Information Among Plaintiffs**. My attorneys represent or will represent several women who have claims against the Defendants that are like mine. At this stage, it does not appear that there is a conflict of interest among us that would prevent my attorneys from representing all of us. However, it is possible that a conflict of interest will arise in the future that will require my attorneys to withdraw as my counsel (or me to withdraw as a representative of the class). A conflict could arise, for example, if I develop different objectives from other class members or class representatives. If a conflict of interest does arise, my attorneys will promptly inform me of the relevant circumstances and any reasonably foreseeable adverse consequences, and may ask for a written waiver of the conflict so that they may continue to represent me. If the conflict is not or cannot be waived, then my attorneys may have to withdraw from the representation, and I may have to spend time or money to find a new lawyer. I agree to joint representation despite the possibility of a conflict of interest.

I also agree that any communications I may have with my attorneys and any information (even confidential information) I may provide to my attorneys related this case may be disclosed by my attorneys to their other clients in this case. Additionally, if a dispute between me and another

San Diego State Title IX
Representation Agreement
Privileged and Confidential
Page 3

jointly represented client leads to a lawsuit, I understand that my communications with my attorneys during this case may be used in that new lawsuit.

8. **Preservation of information.** I will preserve all documents, data, and other information, including emails and text messages, that potentially relate to this case or the claims raised in it until this case is concluded.

9. **Communications.** I understand that my communications with my attorneys are confidential and privileged and that I should not share them (including this agreement) with others unless required to do so by law. I also understand that my communications with others could be accessed by the Defendants, who could try to use them against us in this case. So, I will exercise great caution in communicating with others about this case, including through email and social media. I understand that anything I say, share, or post on social media could be used against me and the class members in this case. I will not communicate with the press about this case without the agreement of my company's attorneys in advance.

10. **No guarantees.** I understand and agree that my attorneys have made no guarantees, promises, or warranties about the success or outcome of their work or this case. Any comments made about the potential success of the case are expressions of opinion only.

11. **Settlement.** I agree not to make any settlement of any claim unless my attorneys, or their representatives, are present and will receive payment in accordance with this agreement.

I reviewed this agreement before I signed it. My attorneys explained it to me and gave me a copy of this agreement.

_____     _____9/1/2021_____
Client                                                              Date

CONFIDENTIAL                                                                                                              Plaintiffs000908

**BAILEY GLASSER LLP**  1999 Harrison Street  Arthur H. Bryant
Suite 660  abryant@baileyglasser.com
Oakland, CA 94612
Tel: 510.272.8000

March 15, 2023

Privileged & Confidential

*SENT VIA U.S. MAIL AND ELECTRONIC MAIL*
Kaitlin Heri

*RE: SDSU Title IX Case -* **Striking Two Sentences from Your Representation Agreement**

Dear Kaitlin:

As you know, in a Title IX case we are prosecuting on behalf of female student-athletes at Fresno State (California State University, Fresno), the Defendants – represented by the same lawyers representing SDSU in your case –are trying to prevent the case from going forward as a class action by arguing that our client and we cannot adequately represent the proposed class. Among other things, they say that certain provisions in our Representation Agreement with our clients creates a conflict between them and us and show we have "an interest in pursuing [our] fees to the detriment of the class."

We think those arguments are meritless and explained why in the reply brief we just filed. (Please let me know if you would like me to send you a copy.) We are also taking another step to show that Defendants' attack on us in that case is wrong. We are striking from the Representation Agreement two sentences the attack referred to: (1) the sentence in Par. 3 that says, "I will not agree to any settlement that waives or settles my attorneys' ability to recover their costs, expenses, or fees without their consent." and (2) the sentence in Par. 11, which says, "Settlement. I agree not to make any settlement of any claim unless my attorneys, or their representatives, are present and will receive payment in accordance with this agreement." We think striking those sentences will demonstrate, clearly, that our interest is what it always has been and will be: helping the female student-athletes at Fresno State hold the Defendants accountable for violating Title IX.

Because we expect the Defendants in your case, represented by the same lawyers, may make a similar attack, we would like to strike these two sentences from your Representation Agreement, too. If you agree to strike these two sentences from your Representation Agreement, please sign and date this letter in the spaces below, scan it, and send it back to me. I do want to advise you to seek the advice of an independent lawyer of your choice on this. We will, of course, give you a reasonable opportunity to do so. If you

Letter to Kaitlin Heri
Striking Two Sentences
March 15, 2023
Page 2

have any questions, please don't hesitate to contact me.

Sincerely,

Arthur H. Bryant

SO AGREED:

_____   03/15/23
Kaitlin Heri                 Date

CONFIDENTIAL                                                 Plaintiffs000910