David S. Casey, Jr. (SBN 60768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Arthur H. Bryant (SBN 208365)
Neda Saghafi (SBN 344633)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com
nsaghafi@clarksonlawfirm.com

Amber Eck (SBN 177882)
Jenna Rangel (SBN 272735)
**HAEGGQUIST & ECK, LLP**
225 Broadway, Ste 2050
San Diego, CA 92101
Tel: (619) 342-8000
ambere@haelaw.com
jennar@haelaw.com

Carey Alexander (SBN 5188461)
**CLARKSON LAW FIRM, P.C.**
260 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (646) 290-6009
Fax: (213) 788-4070
calexander@clarksonlawfirm.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SAN DIEGO STATE UNIVERSITY,<br><br>Defendants. | Case No. 3:22-cv-00173-TWR-MSB<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS CLARE BOTTERILL AS A PLAINTIFF WITHOUT PREJUDICE**<br><br>Judge: Todd W. Robinson<br>Courtroom: 14A<br>Date: April 10, 2025<br>Time: 1:30 p.m. |

1   Plaintiffs respectfully submit this Reply in Support of their Motion to Dismiss

2   Clare Botterill as a Plaintiff Without Prejudice, ECF No. 117 ("Motion"). Plaintiffs

3   seek Ms. Botterill's dismissal without prejudice due to the tragic passing of her

4   grandfather. In their Response, ECF No. 128 ("Response"), Defendants actually

5   confirm that Plaintiffs' Motion should be granted. Defendants write: "SDSU does not

6   oppose Ms. Botterill being a class member after stepping down as a named

7   Plaintiff[.]" Response at 3. That is all Plaintiffs are seeking. Dismissing Ms. Botterill

8   as a Plaintiff *with prejudice*, however, as Defendants seek, would bar her from doing

9   that—and from receiving any relief Plaintiffs recover for class members. It would

10  harm and retaliate against her for having been a Plaintiff before her grandfather died.

11  Under Federal Rule of Civil Procedure ("Rule") 41(a), dismissals are

12  presumptively without prejudice. The law, cited by Plaintiffs and Defendants without

13  disagreement, requires Defendants to show they would suffer "plain legal prejudice"

14  as a result of the dismissal. *See generally* Response at 2 (quoting *Kamal v. Eden

15  Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023)); Motion at 1 (quoting *Zanowick

16  v. Baxter Healthcare Corp*., 850 F. 3d 1090, 1093 (9th Cir. 2017)). Defendants do not

17  even attempt to show such plain legal prejudice. Instead, they advance an argument

18  based on the possibility that Ms. Botterill, after being dismissed as a Plaintiff without

19  prejudice, could decide to become a Plaintiff again. But that does not meet what the

20  law requires. And it ignores both the law and the facts. Legally, Rules 15(a) and 16(b)

21  would protect Defendants if Ms. Botterill overcame her grief and changed her mind.

22  Factually, Plaintiffs have made clear that Ms. Botterill, for understandable reasons,

23  has no interest in serving as a Plaintiff, now or in the future.

24  Equally unjustified is Defendants' argument that, if Ms. Botterill is dismissed

25  as a Plaintiff without prejudice, terms and conditions should be imposed on her future

26  participation in this lawsuit. The terms and conditions Defendants seek are

27  unnecessary and make no sense. Defendants say that Ms. Botterill "should be limited

28  to being a passive member of the class, if one is certified and Ms. Botterill qualifies

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

as a class member." Response at 3. But (again) that is precisely the relief Plaintiffs' Motion seeks. In addition, Defendants argue: "If Plaintiffs seek to have Ms. Botterill testify or use evidence regarding her, they should be required to provide notice to SDSU of their intent to do so and to make Ms. Botterill available for a deposition prior to her testifying or submitting the evidence." Response at 3-4. But Plaintiffs had already offered to agree to these terms for Ms. Brosch and were more than willing to do so for Ms. Botterill. Declaration of Arthur Bryant ("Bryant Decl.") at ¶ 3, **Ex. 2,** No. 7. Defendants refused to accept them. *See generally* Bryant Decl. at ¶ 4, **Ex. 3**. And, of course, if no agreement is reached and Plaintiffs attempt to introduce evidence from or about Ms. Botterill as a surprise, the Federal Rules of Evidence fully protect Defendants' ability to seek exclusion or a deposition then. There is simply no basis for allowing Defendants to impose conditions on Ms. Botterill's future participation in this lawsuit to allow her to withdraw as a Plaintiff now.

## I.    Defendants will not suffer any "plain legal prejudice" if Ms. Botterill is dismissed as a Plaintiff without prejudice.

In general, as Plaintiffs' Motion noted, dismissals via court order under Rule 41(a)(2) are without prejudice. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Departure from this general rule arises if the Court determines that the non-moving party would suffer "some plain legal prejudice as a result of the dismissal." *Zanowick*, 850 F.3d at 1093 (internal quotations omitted). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  Even if Plaintiffs "merely gain[ ] some tactical advantage[,]" legal prejudice does not result. *Hamilton v. Firestone Tire & Rubber Co., Inc.* 679 F.2d 143, 145 (9th Cir. 1982).

Defendants do not contest these principles and do not try to satisfy them. They do not mention *any* legal prejudice (much less any "plain legal prejudice") they would

Plaintiffs' Reply ISO Motion to Dismiss Clare Botterill as a Plaintiff Without Prejudice

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1    suffer from Ms. Botterill's dismissal. Instead, they advance an argument about

2    potential future prejudice based on a hypothetical scenario that has no basis in fact.

3    Defendants claim they *could* be prejudiced *if* Ms. Botterill attempts to reassert her

4    claims as a named Plaintiff. Response at 3. But the law requires much more. Ms.

5    Botterill *cannot* "simply reassert her claims at any time in the future as a named

6    Plaintiff and [ ] pick back up with the litigation[.]" *Id*. at 2. "When a motion to amend

7    the pleadings is filed after the scheduling order deadline, the court should apply a two-

8    step analysis, under which the movant must first demonstrate to the court that it has

9    'good cause' for seeking modification of the scheduling deadline under Rule 16(b).

10   Then the moving party must meet the requirements for amendment under Rule 15(a)."

11   2 Moore's Manual: Federal Practice and Procedure § 18.42. Ms. Botterill could not

12   somehow automatically reinsert herself as a Plaintiff in this lawsuit if she is dismissed

13   without prejudice. The hypothetical potential future danger Defendants warn of

14   simply does not exist. Finally, as Plaintiffs have reiterated to Defendants, they have

15   no intention of reintroducing Ms. Botterill as a named Plaintiff in this case.

16        Defendants' insistence that Ms. Botterill be dismissed with prejudice, absent

17   any plain legal prejudice to them, is contrary to the standard of Rule 41(a)(2). *See,*

18   *e.g.*, *Westlands*, 100 F.3d at 97 (concluding that dismissal should have been without

19   prejudice pursuant to Rule 41(a)(2) because no legal prejudice to non-moving party

20   existed to justify dismissal with prejudice); *Hamilton*, 679 F.2d at 145 (same).

21   Plaintiffs' Motion, therefore, should be granted and Ms. Botterill's dismissal should

22   be without prejudice.

23   **II.    No "terms and conditions" should be imposed on Ms. Botterill or**

24          **Plaintiffs for her dismissal without prejudice.**

25        As an alternative to dismissing Ms. Botterill with prejudice, Defendants request

26   "that the Court impose certain terms and conditions on [her] future participation in

27   this case." Response at 3. The proposed "terms and conditions" are unjustified and

28

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

1   should not be imposed.

2   Defendants' argument on this point begins with this premise: "[I]f a class is
3   certified, SDSU does not oppose Ms. Botterill being a class member after stepping
4   down as a Plaintiff[.]" *Id.* That premise is false in two respects.

5   First, Defendants have *never* previously indicated to Plaintiffs that they do not
6   oppose Ms. Botterill being a class member after stepping down as a Plaintiff. *See*
7   *generally* Bryant Decl. at ¶ 2, **Ex. 1** (Dec. 3, 2024 Email from B. Schwartz to A.
8   Bryant stating that, "As with Ms. Brosch, Defendants will only stipulate to dismiss
9   Ms. Botterill <u>with</u> prejudice"). Second, Defendants *are* opposing Ms. Botterill being
10  a class member after stepping down as a Plaintiff—by insisting that she be dismissed
11  as a Plaintiff *with prejudice. See generally* Response at 2 ("[A] dismissal with
12  prejudice is the more appropriate route for dismissing Plaintiff Botterill's claims.").
13  If Defendants were willing to allow Ms. Botterill to continue as a passive class
14  member, they would not insist that she be dismissed with prejudice. As a passive class
15  member—which is precisely the status Plaintiffs seek for Ms. Botterill—she would
16  still be entitled to share in any class recovery. But, up to now, that is not what
17  Defendants have said they wanted.

18  Instead, all of Defendants' actions have run contrary to their statement: in every
19  meet and confer attempt in which Plaintiffs have attempted to come to resolution,
20  Defendants have held firm that they will solely accept a dismissal with prejudice.
21  Bryant Decl. at ¶ 2, **Ex. 1**. Defendants' new requested "condition"—that Ms. Botterill
22  be only a passive class member—confirms that Plaintiffs' Motion should be granted.

23  As a second "condition," Defendants write that, "[i]f Plaintiffs seek to have
24  Ms. Botterill testify or use evidence regarding her, they should be required to provide
25  notice to SDSU of their intent to do so and to make Ms. Botterill available for a
26  deposition prior to her testifying or submitting the evidence." Response at 3-4.
27  Defendants have no basis to prematurely condition Ms. Botterill's dismissal without
28  prejudice on such grounds, particularly since Plaintiffs indicated, via parallel

1    conversations regarding the dismissal of Ms. Brosch, that they will not introduce any

2    affirmative testimony from her. *See generally* Bryant Decl. at ¶ 3, **Ex. 2,** No. 5-6.

3    Furthermore, as discussed in parallel exchanges regarding Ms. Brosch, Plaintiffs were

4    willing to make Ms. Botterill available for a deposition if they actually do seek to

5    introduce testimony from her. [1] Bryant Decl. at ¶ 3, **Ex. 2**, No. 7. Defendants generally

6    declined that offer. *See generally* Bryant Decl. at ¶ 4, **Ex. 3**. Instead, Defendants are

7    asking this Court to impose it on Ms. Botterill (and Plaintiffs) as a condition for

8    allowing her to withdraw without prejudice, even though that is entirely

9    unnecessary—and the law offers them all the protection they need. If Plaintiffs

10   attempt to introduce testimony or evidence from Ms. Botterill, Defendants can seek

11   exclusion or a deposition from this Court at that time. But there is no basis to impose

12   a blanket condition upon her now just to allow her to withdraw.[2]

---

[1]      As with Ms. Brosch, Plaintiffs would have offered not to affirmatively submit witness testimony from Ms. Botterill in this matter. As proposed with Ms. Brosch, Plaintiffs would agree that Ms. Botterill provide testimony only in the event that "SDSU introduce[d] evidence or file[d] something in regard to her personally." Bryant Decl. at ¶ 3, **Ex. 2**, No. 5. Given Defendants' staunch refusal to this agreement for Ms. Brosch, the steadfast refusal to proceed with a dismissal without prejudice for both Ms. Brosch and Ms. Botterill, and Magistrate Berg's amended scheduling order to permit oral argument on this Motion prior to the pretrial motion deadline (ECF No. 126), Plaintiffs did not propose a separate agreement specifically as to Ms. Botterill.

[2]      The two cases that Defendants cite for the proposition that this Court should impose conditions on Ms. Botterill's withdrawal without prejudice are inapposite. The first case, decided by this Court, imposed conditions on a dismissal without prejudice when Plaintiffs opted to refile the matter under a different legal theory. *See generally Kamal v. Eden Creamery, LLC,* --- F. Supp. 3d ---, 2024 WL 3958410, at *8, *9 (S.D. Cal. 2024). The facts of Ms. Botterill s dismissal are entirely different: Plaintiffs are still pursuing their case under the same legal theories. None of the conditions that this Court imposed in *Kamal* are relevant here.
        The second case that Defendants cite, out of the District Court for the District of Columbia, granted certain plaintiffs' motion to dismiss without prejudice on the condition that those plaintiffs respond to all previous written discovery. *See generally In re Vitamins Antitrust Litig.,* 198 F.R.D. 296, 305 (D.D.C. 2000). Again, the facts of this matter are entirely distinguishable. There is no written discovery Defendants served on Ms. Botterill that has gone unanswered. Indeed, other than drafting identical written discovery that was served on all named Plaintiffs (consisting of nine (9) interrogatories and 33 requests for production of documents), to which Ms. Botterill responded, Defendants have not sought any additional written discovery from Ms. Botterill, and there is no reason for the taking of Ms. Botterill's deposition at this time.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

1    Ms. Botterill has lost her grandfather. Defendants should allow her to withdraw

2    without prejudice and in peace.

3    **III.    Conclusion**

4    Defendants' request that Ms. Botterill be dismissed as a Plaintiff with prejudice

5    should be denied because it is not justified under the law, is not supported by the facts,

6    and will deprive Ms. Botterill of the ability to receive any relief Plaintiffs recover for

7    class members in this case. It is a disturbing continuation of Defendants' retaliation

8    against the Plaintiffs in this case. The same is true of Defendants' argument that the

9    Court should impose "terms and conditions" on Ms. Botterill and Plaintiffs to allow

10   Ms. Botterill to withdraw as a Plaintiff without prejudice. Plaintiffs respectfully

11   request that this Court grant Plaintiff's Motion to Dismiss Ms. Botterill as a Plaintiff

12   Without Prejudice.

13

14

15

16

17   Dated: February 18, 2025                    Respectfully Submitted,

18                                                 */s/Arthur H. Bryant*
                                                  Arthur H. Bryant (SBN 208365)
19                                                 Neda Saghafi (SBN 344633)
                                                  **CLARKSON LAW FIRM, P.C.**
20                                                 22525 Pacific Coast Hwy
                                                  Malibu, CA 90265
21                                                 Tel: (213) 788-4050
                                                  Fax: (213) 788-4070
22                                                 abryant@clarksonlawfirm.com
                                                  nsaghafi@clarksonlawfirm.com
23

24                                                 Carey Alexander (SBN 5188461)
                                                  **CLARKSON LAW FIRM, P.C.**
25                                                 260 Madison Avenue, 8th Floor
                                                  New York, NY 10016
26                                                 Tel: (646) 290-6009
                                                  Fax: (213) 788-4070
27                                                 calexander@clarksonlawfirm.com

28

*Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lori Bullock (SBN AT0012240)
**BULLOCK LAW PLLC**
309 East 5th St., Suite 202B
Des Moines, IA 50309
Tel: (213) 788-4050
lbullock@bullocklawpllc.com

David S. Casey, Jr. (SBN 69768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY SCHENK FRANCA**
**VILLA BLATT & PENFIELD, LLP**
110 Laurel Street San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Amber Eck (SBN 177882)
Jenna Rangel (SBN 272735)
**HAEGGQUIST & ECK, LLP**
225 Broadway, Ste 2050
San Diego, CA 92101
Tel: (619) 342-8000
ambere@haelaw.com
jennar@haelaw.com

*Attorneys for Plaintiffs*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265