David S. Casey, Jr. (SBN 60768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Arthur H. Bryant (SBN 208365)
Neda Saghafi (SBN 344633)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com
nsaghafi@clarksonlawfirm.com

Amber Eck (SBN 177882)
Jenna Rangel (SBN 272735)
**HAEGGQUIST & ECK, LLP**
225 Broadway, Ste 2050
San Diego, CA 92101
Tel: (619) 342-8000
ambere@haelaw.com
jennar@haelaw.com

Carey Alexander (SBN 5188461)
**CLARKSON LAW FIRM, P.C.**
260 Madison Ave., 8th Floor
New York, NY 10016
Tel: (646) 290-6009
Fax: (213) 788-4070
calexander@clarksonlawfirm.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SAN DIEGO STATE UNIVERSITY,<br><br>Defendants. | Case No. 3:22-cv-00173-TWR-MSB<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Todd W. Robinson<br>Courtroom: 14A<br>Date: April 10, 2025<br>Time: 1:30 p.m. |

Case No. 3:22-cv-00173-TWR-MSB
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully submit this Reply in further support of their Motion for Class Certification. ECF No. 115 ("Motion").[1] Plaintiffs have satisfied Rule 23's requirements for certification of the Classes. SDSU's arguments to the contrary are based on mischaracterizations of Plaintiffs' Motion and the factual record.

As to the Injunctive Relief Class, SDSU invites the Court to commit legal error by requiring a predominance analysis for a class that Plaintiffs seek to certify only under Rule 23(b)(2). SDSU fails to acknowledge that the relief sought – an injunction requiring SDSU to comply with Title IX – is the same for all members of the Injunctive Relief Class. As Plaintiffs' Motion shows, the Injunctive Relief Class is exactly the type of class for which Rule 23(b)(2) was designed.

As to the Retaliation Class, SDSU's arguments all flow from the flawed premise that Plaintiffs are asserting a claim only on behalf of the student-athletes who were present during the meeting where Coach Burrell threatened certain Plaintiffs for initiating this action. As this Court previously and correctly recognized, however, Plaintiffs' retaliation claim is not so limited. It is also based on the fact that SDSU's "retaliation interfered with the Absent Plaintiffs' ability to prosecute their claims because additional student-athletes declined to join the case as plaintiffs and Defendants' actions deterred other student-athletes from participating as witnesses in the case." ECF No. 65 at 5-6. When properly understood as a claim asserted on behalf of all proposed class members, SDSU's remaining arguments fail.

As to the Athletic Financial Aid Class, SDSU simply ignores Dr. Lopiano's methodology for identifying female student-athletes who did not receive all of the athletic financial aid they could have received. It similarly ignores that those female student-athletes were harmed by department-wide athletic financial aid policies[2] that

---

[1] Capitalized terms have the definitions used in the Motion.
[2] While the Motion was filed on November 22, 2024, fact discovery remained open through January 21, 2025, ECF No. 99 at 3, and SDSU's witnesses were deposed throughout December 2024 and January 2025, with certain depositions remaining outstanding by agreement of the Parties.

cabined any discretion coaches might have wielded that could threaten certification.

For the additional reasons set forth below, the Court should grant the Motion.

## I. THE CLASSES SATISFY RULE 23(a)'s PREREQUISITES.

### A. SDSU Ignores Plaintiffs' Evidence Establishing Numerosity.

SDSU does not address and has waived any challenge to the numerosity of the Injunctive Relief Class. So, SDSU does not dispute that a class of all female student-athletes satisfies the numerosity requirement.

In regard to the Retaliation Class, however, SDSU says that "Plaintiffs have not identified how many individuals they believe were purportedly impacted," Opp'n at 20, by Coach Burrell's comments. In so doing, SDSU commits the error about Plaintiffs' retaliation claim noted above and ignores that Plaintiffs stated "all female student-athletes" were impacted. Mot. at 8; *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 836-39 (9th Cir. 2022).

As to the Athletic Financial Aid Class, SDSU raises what it styles as an "ascertainability" challenge. Despite SDSU's "duty of candor to cite pertinent binding authority, even if unfavorable to its position," *Cemetery Workers & Greens Attendants' Union, Local 265 v. Cypress Lawn Cemetery Ass'n*, No. C-88-4793, 1990 U.S. Dist. LEXIS 16019, at *10 (N.D. Cal. Nov. 12, 1990), SDSU fails to cite the Ninth Circuit's binding decision in *Briseno v. ConAgra Foods, Inc.*, which rejected an administrative feasibility prerequisite to class certification as incompatible with Rule 23. 844 F.3d 1121, 1123 (9th Cir. 2017). SDSU goes on to claim that Plaintiffs "have not provided evidence" of how many students are members of the Athletic Financial Aid Class, Opp'n at 15, but that is not so. Plaintiffs proffered evidence in Dr. Lopiano's expert report that between 148 and 251 female student-athletes every academic year from 2018-2019 to 2023-24 did not receive all of the athletic financial aid they could have. Lopiano Rpt. ¶ 56. SDSU has no direct response to these numbers and has waived any challenge to the admissibility of Dr. Lopiano's opinions related to class certification. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*

*LLC*, 31 F.4th 651, 665 (9th Cir. 2022).

### B. SDSU Identifies Additional Questions of Fact and Law Common to the Classes.

SDSU misconstrues the commonality requirement, which asks only whether Plaintiffs identified "a single common question." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1052 (9th Cir. 2015). SDSU ignores the multiple common questions Plaintiffs identified in their Motion, *see* Mot. at 9-11, and fails to recognize that its Response raises additional common questions of fact and law.

As to the Injunctive Relief Class, SDSU claims the presence of "distinctive elements and proofs" defeats commonality. But because of their "innate cohesion Rule 23(b)(2) classes need not meet the additional requirements of predominance and superiority required for a class certified under Rule 23(b)(3)." *Dekker v. Vivint Solar, Inc.*, No. C 19-07918, 2022 U.S. Dist. LEXIS 49089, at *24 (N.D. Cal. Mar. 18, 2022). SDSU also claims that the Injunctive Relief Class "does not account for sport-specific decisions." Opp'n at 9. But Title IX focuses on "program-wide benefits and opportunities," which inherently accounts for the relevant distinctions between sports, "rather than on a smaller sub-division of the program (e.g., sports, tiers of sports, etc.)." *Portz v. St. Cloud St. Univ.*, 16 F.4th 577, 584 (8th Cir. 2021). SDSU styles its standing arguments as a commonality challenge, but this Court has already found that the proposed class representatives have standing to pursue equitable relief as to each of their claims, ECF No. 38 at 15-16 (treatment and benefits); ECF No. 60 at 12-14 (athletic financial aid); ECF No. 65 at 10-11 (retaliation), and all class members also have standing to pursue relief for those claims. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 864-67 (9th Cir. 2014); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citing *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) (absent class member standing may be addressed post-certification prior to awarding relief)).

As to the Retaliation Class, SDSU does not even cite, let alone discuss, the

Ninth Circuit's binding decision in *A.B.*, which held that the "issue of retaliatory motive raises a common question." 30 F.4th at 841-42.

As to the Athletic Financial Aid Class, SDSU fails to appreciate its concession, Opp'n at 19 n.3, that whether damages are available for the claim is a "common contention" capable of classwide resolution. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). SDSU also claims that class members "plainly knew" both "the amount of their scholarships and their cost of tuition for the 2018-2019 academic year." Even if true, stating a claim requires students to *also* know how SDSU's overall athletic financial aid to female student-athletes compares to SDSU's aid to all male student-athletes. 34 C.F.R. § 106.37(c)(1). The date this information was available is a common question of fact and, if SDSU asserts the statute of limitations as an affirmative defense, the application of that defense is a common question, too. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018); *Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590, 612 (C.D. Cal. 2021).

### C. The Typicality Requirement is Satisfied.

The most SDSU can say about typicality as to the Injunctive Relief Class is that the proposed class representatives are no longer "current" students. Opp'n at 10-12. But, when assessing typicality, "the Court invokes the relation back doctrine and asks whether typicality was satisfied as of the filing of the complaint." *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1043 (S.D. Cal. 2020) (collecting cases). This Court has already applied the relation back doctrine and held that "Plaintiffs were still student-athletes at the time the original Complaint was filed." ECF No. 60 at 13; ECF No. 65 at 10 n.7 (same). Further, courts have rejected the per se rule that SDSU seeks to advance here that alumnae cannot represent a class of current and future students. *Cohen v. Brown Univ.*, 16 F.4th 935, 947 (1st Cir. 2021); *Sosna v. Iowa,* 419 U.S. 393 (1975).

As to the Athletic Financial Aid and Retaliation Classes, SDSU fails to identify any unique defenses applicable to the class representatives that could threaten to become the focus of the litigation. Opp'n at 17, 21.

### D. The Adequacy Requirement is Satisfied.

#### 1. The Class Representatives Will Adequately Represent the Classes.

SDSU does not challenge the adequacy of the proposed class representatives as to the Retaliation Class or Athletic Financial Aid Class, but cites out-of-circuit law for the proposition that, for the Injunctive Relief Class, women "from a single sport" cannot represent an "all-sports class." Opp'n at 12. The Ninth Circuit rejected this reasoning, when proffered by the same attorneys, as mere speculation "insufficient to support denial of initial class certification." *Anders v. Cal. State Univ.*, No. 23-15265, 2024 U.S. App. LEXIS 1063, at *4-5 (9th Cir. Jan. 17, 2024).

#### 2. Class Counsel Will Adequately Represent the Classes.

SDSU's attacks on class counsel are particularly unwarranted and ill-founded. Arthur Bryant is one of the nation's foremost Title IX litigators and has represented more female (and male) student-athletes successfully in Title IX litigation than any lawyer in America. Declaration of Arthur H. Bryant in Further Support of Plaintiffs' Motion for Class Certification ("Bryant Supp. Decl.") ¶ 2. SDSU fails to cite a single case where he has been found inadequate. Through 45 years, he never has been, but he has been honored for his public interest and Title IX advocacy nationwide. *Id.* ¶ 3; Mot. at 14-15. SDSU's speculative *ad hominem* attacks improperly ask the Court to draw inferences against class counsel while presenting no evidence of any actual conflict that could defeat adequacy.

Class counsel's zealous advocacy in this litigation has more than demonstrated their adequacy. After initially seeking to hold SDSU accountable for depriving its women athletes of equal athletic financial aid in violation of Title IX, ECF No. 1, class counsel filed an Amended Complaint adding claims for unequal treatment and retaliation when that was warranted. ECF No. 24. To protect the classes' interests, they then briefed, argued, and substantially overcame three successive motions to dismiss. ECF Nos. 38, 49, 60. They even persuaded the court to amend and correct

one if its orders. ECF No. 65. After filing numerous challenges to the pleadings, repeatedly seeking to delay the case, and stonewalling discovery, SDSU claims it is class counsel who are "driving up costs," Opp'n at 24, and prolonging the proceedings. Opp'n at 25. Not so. The docket speaks for itself.

SDSU repeatedly suggests that class counsel have acted unethically. As set forth in the Declaration of David B. Parker ("Parker Decl."), Plaintiffs' retained ethics expert, none of the issues SDSU identifies constitutes an actual conflict or ethical issue that could defeat adequacy. SDSU's language is inflammatory, but, at core, is based on three factual assertions. Each are false. *See generally* Parker Decl.

*First*, SDSU asserts, "Plaintiffs' initial engagement letter with lead counsel Arthur Bryant and the Bailey Glasser Firm prohibited Plaintiffs from settling the matter without the consent of counsel and not until 'my attorneys . . . receive payment in accordance with this agreement.'" Opp'n at 22 (citing Ex. 18, ¶¶ 3, 11). The engagement letter itself disproves that assertion. When SDSU's counsel first made that charge – almost two years ago, on behalf of Fresno State in *Anders v. Cal. State Univ.*, No. 1:21-cv-00179 (E.D. Cal March 13, 2023) – Mr. Bryant submitted a declaration documenting its falsity. *See* Bryant Supp. Decl. ¶ 6. The agreement actually refers to waiving or settling "my attorneys' ability to recover their costs, expenses, or fees without their consent." Ex. 18, ¶¶ 3, 11. It does not refer to settling "the matter" without counsel's consent anywhere – including in either Paragraphs 3 or 11. Ex. 18, ¶¶ 3, 11. As Mr. Parker explains in his declaration, there is "nothing improper or unethical" about the cited provisions and they raise no conflict. Parker Decl. ¶ 15.[3]

*Second*, SDSU claims that the current Clarkson representation agreement

---

[3] SDSU's counsel first based this attack on class counsel's adequacy on two sentences in Plaintiffs' original representation agreement with Bailey Glasser, LLP, when Mr. Bryant was a Partner there. To avoid any doubt and prove those sentences did not matter, the two sentences were struck from the agreement in March 2023. Bryant Supp. Decl. ¶ 7. Defendants knew this, but did not disclose it to the Court. *Id.* ¶ 8.

ensures Plaintiffs "can only enter into an agreement that is acceptable to their attorneys" because the "terms of the retainer agreement provide decision-making authority in the hands of class counsel, rather than Plaintiffs." Opp'n at 23. Again, the agreement itself shows this is false. SDSU quotes from a provision that applies only if Plaintiffs waive their "claim to recover some or all of my costs, expenses, or attorneys' fees." Opp'n at 23 (quoting Ex. 19 ¶ 4). It does not address settlement and does not give class counsel *any* decision-making authority at all. Parker Decl. ¶ 17.

*Third*, SDSU claims Plaintiffs delayed too long in seeking class certification. Opp'n at 23. But this court already rejected that argument in light of "Defendants' repeated motions to dismiss," recognizing that if Plaintiffs had moved for certification sooner, "the Court likely would have deferred ruling on that motion." ECF No. 60 at 21.

SDSU attacks co-counsel Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, and Haeggquist & Eck, LLP, for not taking the lead, and claims that "[t]heir presence as class counsel in this matter appears merely to be driving up costs." Opp'n at 24. This attack is meritless. *See generally* Declaration of Gayle M. Blatt in Further Support of Plaintiffs' Motion for Class Certification; Declaration of Amber Eck in Further Support of Plaintiffs' Motion for Class Certification. Costs would have *increased* if co-counsel had spent more time on the case and attempted to take the lead. The sole case SDSU cites for this attack, *In re Allergan PLC Sec. Litig.*, found the institutional class representative in a securities class action inadequate because "it and its lawyers devised a secret workaround to my ruling" that "there was to be one and only one law firm serving as lead counsel." 2020 U.S. Dist. LEXIS 179371, at *20-21 (S.D.N.Y. Sep. 29, 2020). Here, only one law firm is serving as lead counsel and all proposed class counsel meet the requirements of Rule 23(a)(4) and (g).

## II. THE INJUNCTIVE RELIEF CLASS SATISFIES RULE 23(b)(2)'s REQUIREMENTS.

SDSU falsely claims that certification under Rule 23(b)(2) is inappropriate

because "Plaintiffs seek monetary damages for their financial aid and retaliation claims." Opp'n at 13. But the Injunctive Relief Class only "seeks injunctive and declaratory relief," Mot. at 19, not monetary relief, and the Court may certify "separate Rule 23(b)(2) and 23(b)(3) classes." *In re Conagra Foods, Inc.*, 302 F.R.D. 537, 573 (C.D. Cal. 2014) (collecting cases).

SDSU also claims that that Injunctive Relief Class "impermissibly expands the scope of the relief sought." Opp'n at 4. But the relief sought by all members of the Injunctive Relief Class is the same regardless of the claim asserted: an injunction requiring SDSU to comply with Title IX. Third Amended Class Action Complaint, ECF No. 50 ("TAC"), Prayer for Relief ¶ F. Because all members of the Injunctive Relief Class seek the same equitable relief, Rule 23(b)(2) is satisfied because the relief sought is indivisible, which is why Courts routinely certify Title IX claims pursuant to Rule 23(b)(2). Mot. at 1-2 & n.1. Because "[a]ll female students who participate or, since February 7, 2022, participated in intercollegiate varsity athletics" at SDSU have been harmed by SDSU's failure to comply with Title IX, an injunction requiring SDSU's compliance with Title IX would benefit all proposed members of the Injunctive Relief Class. There is thus no concern that the Injunctive Relief Class is overbroad or overinclusive.

## III. THE ATHLETIC FINANCIAL AID CLASS SATISFIES RULE 23(b)(3)'s REQUIREMENTS.

SDSU chose to waive any argument regarding the admissibility of Dr. Lopiano's arguments related to class certification. *Olean*, 31 F.4th at 665. SDSU claims that Plaintiffs have not presented a "viable damages model," Opp'n at 19, but this ignores that SDSU's own expert concedes it is possible on a classwide basis to "calculate the corresponding monetary value that makes up the percentage-based difference," and even calculates to the penny the amount female student-athletes would be owed for the 2022-23 academic year. ECF No. 129-16 at 15-16. As Dr. Lopiano explains in her Rebuttal Report, "both Mr. O'Brien's methodology and my

methodology indicate that liability and damages can be calculated on a classwide basis." Lopiano Rebuttal Rpt. ¶ 26. Dr. Lopiano's application of her methodology to calculate damages and SDSU's own precise damages calculations demonstrate that Dr. Lopiano's proposed model is "capable of providing class-wide proof." *Olean*, 31 F.4th at 675-76.

Any claim that an award of athletic aid raises individualized issues fails to recognize that the denial of equal allocation of athletic financial aid flowed directly from intentional and discriminatory decisions made at the level of the university's administration. While SDSU claims that financial aid awards turned on a "coach's discretion," SDSU's 30(b)(6) designee testified that that the total amount of financial aid available to each team was determined by the athletic administration. Bryant Supp. Decl., Ex. C (Lang Dep. Tr.) at 77:6-78:3.  Because "[i]nstitutions, not individual actors, decide how to allocate resources between male and female athletic teams," *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 968 (9th Cir. 2010), the answer to the common question of whether SDSU provided "reasonable opportunities for [awards of financial aid] for members of each sex in proportion to the number of students of each sex participating in interscholastic or intercollegiate athletics," 34 C.F.R. § 106.37(c)(1), will be the same for every Athletic Financial Aid Class member, and thus predominates. This case is thus unlike *Black Lives Matter L.A. v. City of L.A.*, where the claims at issue were "fact-specific" and varied by class member. 113 F.4th 1249, 1258-60 (9th Cir. 2024). There, the crux of the issue was that even if the class representatives proved "every element of her claim, it will do nothing for the other class members." *Id.* at 1259. Here, the opposite is true. If the class representatives establish that the financial aid SDSU made available to male and female athletes was not substantially proportionate to their participation rates, it will materially advance the claims of all Athletic Financial Aid Class members.

SDSU goes on to claim that Dr. Lopiano's model only identifies an "average harm," which it claims "the Court already recognized" as insufficient. Both claims

are false. As set forth in her Initial Report, Dr. Lopiano can identify the female student-athletes who did not receive all of the athletic financial aid they could have received. Lopiano Rpt. ¶ 55-57; *see also* Lopiano Rebuttal Rpt. ¶ 40. SDSU expressly conflates the relevant question of whether "damages *could* be calculated on a classwide basis," *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1024-1025 (9th Cir. 2024), with the irrelevant question of "how [damages] could be allocated." Opp'n at 19. The potential allocation of damages is irrelevant to class certification because it "is a matter for claims administration and will not render a trial unmanageable." *In re Ariz. Theranos*, No. 2:16-cv-2138-HRH, 2020 U.S. Dist. LEXIS 168254, at *33 (D. Ariz. Mar. 5, 2020); *Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076, 1091 (W.D. Wash. 2024). Regardless, Plaintiffs explained in the TAC that, in an analogous context, where the Court cannot discern with certainty which class members would be entitled to receive damages, the Court may divide the value of damages among eligible class members. TAC ¶ 91 (citing *Dougherty v. Barry*, 869 F.2d 605, 615 (D.C. Cir. 1989)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion.

Dated: February 19, 2025

Respectfully Submitted,

 */s/ Arthur H. Bryant*
Arthur H. Bryant (SBN 208365)
Neda Saghafi (SBN 344633)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com
nsaghafi@clarksonlawfirm.com

Carey Alexander (SBN 5188461)
**CLARKSON LAW FIRM, P.C.**
260 Madison Ave., 8th Floor

New York, NY 10016
Tel: (646) 290-6009
Fax: (213) 788-4070
calexander@clarksonlawfirm.com

Lori Bullock (SBN AT0012240)
**BULLOCK LAW PLLC**
309 East 5th St., Suite 202B
Des Moines, IA 50309
Tel: (213) 788-4050
lbullock@bullocklawpllc.com

David S. Casey, Jr. (SBN 69768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY SCHENK FRANCA VILLA BLATT & PENFIELD, LLP**
110 Laurel Street San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Amber Eck (SBN 177882)
Jenna Rangel (SBN 272735)
**HAEGGQUIST & ECK, LLP**
225 Broadway, Ste 2050
San Diego, CA 92101
Tel: (619) 342-8000
ambere@haelaw.com
jennar@haelaw.com

*Attorneys for Plaintiffs*

Case No. 3:22-cv-00173-TWR-MSB      -11-
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION