1 | Arthur H. Bryant (SBN 208365)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SAN DIEGO STATE UNIVERSITY, <br><br> Defendants. | Case No. 3:22-cv-00173-TWR-MSB <br><br> **DECLARATION OF ARTHUR H. BRYANT IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
|---|---|

I, Arthur H. Bryant, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am a partner at Clarkson Law Firm, P.C., and am admitted to practice before this Court. I submit this Declaration in further support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth herein and could competently testify to them if called upon to do so.

2. I have personally represented more women athletes and potential athletes successfully in Title IX litigation against schools and universities than any lawyer in America. I have served as class counsel in a wide range of sex discrimination, Title IX, civil rights, consumer rights, and other class actions throughout the nation. I also oversaw the litigation of numerous class actions and created and directed both a Class Action Abuse Prevention Project and a Class Action Preservation Project at Public Justice, the national public interest law firm I helped build and ran as Executive Director and Chairman for 35 years.

3. I have been prosecuting class actions for over 40 years. No court has ever found me or my co-counsel inadequate to serve as class counsel in any case.

4. Defendants' Response to Plaintiffs' Motion for Class Certification [ECF No. 115] ("Opp'n") asserts that I and my co-counsel cannot adequately represent the proposed Classes in this case because we have created conflicts and placed our own "financial interest ahead of the needs of the proposed class, as evidenced by [our] engagement letter." Opp'n at 22. This assertion is false.

5. SDSU's counsel first made this false charge (and others) on March 3, 2023, almost two years ago, on behalf of Fresno State in Defendants' Response in Opposition to Plaintiffs' Motion for Certification of Lacrosse Only Classes and, in the Alternative, Subclasses [ECF No. 117], *Anders v. Cal. State Univ.*, No. 1:21-cv-00179 (E.D. Cal. March 3, 2023), ECF No. 120.

6. Ten days later, I filed a declaration documenting the claim's falsity. Declaration of Arthur H. Bryant, *Anders v. Cal. State Univ.,* No. 1:21-cv-00179 (E.D. Cal. March 13, 2023), ECF No. 124-3. In pertinent part, I then declared:

15. …Defendants' Opposition says Plaintiffs' Representation Agreement "prohibits Ms. Anders from settling *the matter* without the consent of counsel and not *until* 'my attorneys …receive payment in accordance with this agreement." ECF No. 120, at 22. (emphasis in original). But…the document itself proves otherwise. Paragraph 3 of the Representation Agreement says, "I will not agree to any settlement that waives or settles *my attorneys' ability to recover their costs, expenses, or fees* without their consent." ECF No. 120-5, at 7. It does not address *settlement of the case*, i.e., "the matter." Similarly, Paragraph 11 says, "I agree not to make any settlement of any claim unless my attorneys … will receive payment in accordance with this agreement." ECF No. 120-5, at 8. Nothing in the Agreement "prohibits Ms. Anders from settling *the matter* without the consent of counsel" or "*until* 'my attorneys …receive payment in accordance with this agreement." 120-5, at 8. (emphasis added)…

17. To me, it is both shocking and offensive that, based on the misrepresentations and falsehoods reviewed above, Defendants are asserting that I and my co-counsel cannot adequately represent the class. Defendants' allegation that I and my co-counsel are somehow "placing their own financial interest ahead of the needs of the proposed class" is particularly offensive. I have spent almost my entire career as a public interest lawyer, fighting to advance the public good, without regard to my own financial interest.

18. For that reason, I and my co-counsel have concluded that an extraordinary step is required to show that Defendants' disgraceful attack on us is wrong. So, we and Ms. Anders are striking from our Representation Agreement the key portions about payment of our fees that Defendants have referred to: (1) the sentence in Par. 3 … and (2) the sentence in Par. 11…

19. We think striking those sentences demonstrates, clearly, that our interest in this case is what it always has been and will be: helping the female student-athletes at Fresno State hold the Defendants accountable for violating Title IX. A copy of the letter agreement striking those two sentences from our Representation Agreement with Ms. Anders is attached to this declaration. We anticipate striking those two sentences from our Representation Agreement with the other Plaintiffs in this case, too.

7. After I submitted that declaration, Bailey Glasser entered into letter agreements striking those two sentences from its representation agreement with the other plaintiffs in the Fresno State case. Then, because I knew SDSU was represented in this case by the same defense counsel representing Fresno State in *Anders*—and I suspected Defendants might make the same false charge here—I contacted the Plaintiffs in this case and entered into letter agreements with them striking the same

Case No. 3:22-cv-00173-TWR-MSB          -2-
DECLARATION OF ARTHUR H. BRYANT

two sentences from their representation agreements with Bailey Glasser. A copy of Plaintiff Kaitlin Heri's letter agreement of March 15, 2023, Bates-stamped Plaintiffs000906, doing that is attached hereto as **Exhibit A**.

8. All of those letter agreements amending the Bailey Glasser representation agreements almost two years ago were produced to Defendants in this litigation. While Defendants' Response is based, in part, on the Bailey Glasser representation agreements, they did not notify the court of their existence.

9. After I filed my declaration in *Anders* on March 13, 2023, SDSU's counsel continued to make this false representation (and others). They made it to the Ninth Circuit after that court granted Rule 23(f) review of the district court's order denying class certification in that case. *See* Defendants-Appellees' Brief, *Anders v. Cal. State Univ.,* No. 23-15265 at 35-39 (9th Cir. Aug. 7, 2023). And, just three months ago, they made it again to the district court, Defendants' Response in Opposition to Plaintiffs' Renewed Motion for Certification [ECF No. 165], *Anders v. Cal. State Univ.*, No. 1:21-cv-00179 (E.D. Cal. Nov. 26, 2024), ECF No. 167 at 16-18.

10. I again filed a declaration documenting the falsity of the claim. Declaration of Arthur Bryant, *Anders v. Cal. State Univ.*, No. 1:21-cv-00179 (E.D. Cal. Dec. 10, 2024), ECF No. 169-1.

11. Plaintiffs additionally filed a declaration from ethics expert David Parker. Declaration of David Parker, *Anders v. Cal. State Univ.*, No. 1:21-cv-00179 (E.D. Cal. Dec. 10, 2024), ECF No. 169-9, which is attached hereto as **Exhibit B**.

12. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the January 14, 2025, 30(b)(6) deposition of Charles Lang.

Case No. 3:22-cv-00173-TWR-MSB        -3-
DECLARATION OF ARTHUR H. BRYANT

1     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 19, 2025      /s/ *Arthur H. Bryant*
                                          Arthur H. Bryant