David S. Casey, Jr. (SBN 60768)
Gayle M. Blatt (SBN 122048)
**CASEY GERRY FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
dcasey@cglaw.com
gmb@cglaw.com

Arthur H. Bryant (SBN 208365)
**ARTHUR BRYANT LAW, P.C.**
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 391-5454
arthur@arthurbryantlaw.com

*Attorneys for Plaintiffs*

Brian M. Schwartz (Mich. Bar P69018)
Scott R. Eldridge (Mich. Bar P66452)
Erika L. Giroux (Mich. Bar P81998)
Ashley N. Higginson (Mich. Bar P83992)
**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Tel: (313) 963-6420
schwartzb@millercanfield.com
eldridge@millercanfield.com
giroux@millercanfield.com
higginson@millercanfield.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADISON FISK, RAQUEL CASTRO, GRETA CASTRILLON, CLARE BOTTERILL, MAYA BROSCH, HELEN BAUER, CARINA CLARK, NATALIE FIGUEROA, ERICA GROTEGEER, KAITLIN HERI, OLIVIA PETRINE, AISHA WATT, KAMRYN WHITWORTH, SARA ABSTEN, ELEANOR DAVIES, ALEXA DIETZ, and LARISA SULCS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and SAN DIEGO STATE UNIVERSITY,<br><br>        Defendants. | Case No. 3:22-cv-00173-TWR-MSB<br><br>**DECLARATION OF LORI A. BULLOCK IN SUPPORT OF CLASS CERTIFICATION AND PRELIMINATY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Todd W. Robinson |

I, Lori A. Bullock, declare as follows:

1. I am a competent adult, over the age of eighteen, and this Declaration is based on my personal knowledge. All statements in this Declaration are true and correct to the best of my knowledge.

2. I am attorney and the owner of the law firm Bullock Law PLLC. I, along with my co-counsel, represent the Plaintiffs in the above captioned matter.

3. After over three and a half years of hard-fought litigation, the Parties have negotiated a resolution of this litigation.

## Class Certification Support

4. As part of the resolution, the Parties have agreed to request certification of two classes for the purposes of settlement pursuant to Federal Rule of Civil Procedure 23(e).

5. Plaintiffs' counsel reviewed SDSU squad lists, SDSU financial aid disbursement data, and NCAA Financial Reports from SDSU to analyze the number of women in the proposed Class 2. The analysis determined there are 826 women that meet the definition of proposed Class 2.

6. Plaintiffs' counsel has devoted substantial and sufficient efforts to investigating the facts and identifying the potential claims in this action, have detailed knowledge of the applicable law, and have sufficient resources to commit to representing this putative class. Plaintiffs' counsel are qualified to serve as Class Counsel and have and will continue to adequately represent the classes in this case.

7. I have represented female students against approximately 17 universities, in both class action and individual Title IX cases. *See, e.g.*, *Robertson v. Univ. of Central Oklahoma*, 5:22-cv-00836 (W.D. Oklahoma 2022) (class counsel for female athletes under Title IX); *Anders v. SDSU Univ.*, 1:21-cv-00179 (E.D. Cal. 2021) (same); *Niblock v. Univ. of Kentucky*, 5:19-cv-00394 (E.D. KY 2019) (same);

*Mayerova v. Eastern Mich. Univ.*, 2:18-cv-11909 (E.D. Mich. 2018) (same) and others.

8. Attorney Arthur H. Bryant, of Arthur Bryant Law, P.C., has been successfully litigating class action sex-discrimination cases for females against educational institutions since he tried and won the landmark case getting girls into Philadelphia's public, previously all-male Central High School in 1983. *Newberg v. Bd. of Public Educ.*, 26 Pa. D & C.3d 682 (Pa. C.P. 1983). He joined Public Justice (then called Trial Lawyers for Public Justice) in 1984 as its sole staff attorney, became its Executive Director in 1987, its Chairman in 2014, and its Chairman Emeritus in 2019. Bryant has been a leading Title IX litigator since 1985, when he served as lead trial counsel for the plaintiff class in *Haffer v. Temple University*, 678 F. Supp. 517 (E.D. Pa. 1988).

9. Attorneys Gayle Blatt and David Casey, Jr. of Casey Gerry Francavilla Blatt LLP, have significant experience in class litigation. The firm was founded in 1947 and has a long history of championing individual and consumer rights. Casey Gerry's proven ability to navigate complex legal landscapes and deliver favorable outcomes has led to appointments in class action cases such as *In re: Yahoo! Inc. Customer Data Security Breach Lit.*, Case No. 16-MD-02752 (N.D. Cal.); *In re: ZF-TRW Airbag Control Units Products Liability Litigation*, MDL No. 2905 (C.D. Cal); *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Lit., the "Audi CO2" and "Porsche Gasoline" cases*, 15-md-02672-CRB (N.D. Cal.); and *In re: Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Product Liability Litigation*, 17-md-02777-EMC (N.D. Cal.); *In re: Bank of America California Unemployment Benefits Lit.*, 21-md-02992-GPC (S.D. Cal.); *In re: Apple Inc. Device Performance Lit.*, 18-md-02827-EJD (N.D. Cal.); *In re: Wells Fargo Collateral Protection Insurance Lit.*, 8:17-ml-02797-AG-KES and others.

10. Attorneys Jenna Rangel and Amber Eck, of Haeggquist & Eck, LLP, have represented clients throughout California and the nation in complex consumer,

**Exhibit C, Pg. 3 of 7**

employment, and securities class action litigation, as well as in individual employment litigation matters and sexual assault cases. The firm has served as class counsel for a number of actions including class actions include *Cohen v. ConAgra Brands, Inc.*, Case No. 8:20-cv-00637-DOC-ADS (C.D. Cal.); *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.); *Ultimate Fighting Championship, Park, et al. v. Rushing v. Williams Sonoma*, No. 3-16-cv-01421-WHO (N.D. Cal.); *In Re Magsafe Apple Power Adapter Litigation*, Case No. 5:09-cv-01911-EJD (N.D. Cal.); *In Re Sony VAIO Computer Notebook Trackpad Litigation*, Case No. 3:09-cv-02109-BAS-MDD (S.D. Cal.); *Gordon v. Apple Computer, Inc.*, Case No. 5:06-cv-05358-JW (N.D. Cal.).

## The Settlement Achieved

11. The proposed resolution comes after litigation which included, among other things, conducting pre-suit investigation, preparing four detailed complaints, successfully defending three motions to dismiss, preparing written discovery, analyzing over 57,000 pages of discovery, defending and taking 31 depositions, including those of 16 members of SDSU's financial aid office and athletic department, conducting a 2-day site visit on the SDSU campus, submitting two expert reports, advancing a motion for class certification, attending numerous hearings (contributing to 156 docket entries in the District Court), attending several settlement/mediation conferences, and most recently, negotiating and documenting the settlement itself.

12. Plaintiffs' counsel believe the Settlement Agreement is fair, reasonable, and adequate. Here, Plaintiffs' counsel—attorneys with considerable experience in Title IX class actions—only agreed to settle this action after a thorough investigation, exchanging written discovery, conducting depositions, analyzing data produced by Defendants, a site visit, and significant arm's-length negotiations. Additionally, Plaintiffs and Plaintiffs' counsel have compared the benefits the classes will receive

from the resolution of the litigation against the risks, delays, and uncertainties of continued litigation and appeals. Plaintiffs were involved in and stayed apprised of the litigation and contributed to settlement negotiations. Plaintiffs and Plaintiffs' counsel believe the Settlement Agreement is fair, adequate, and reasonable and should be approved.

13. While Plaintiffs' counsel believes strongly in this case, we nevertheless recognize that continued litigation would unnecessarily delay a resolution of the case and present the Classes with a number of challenges. For example, Plaintiffs' counsel appreciates that there are risks that SDSU might prevail at the district court or the court of appeals on one of their asserted defenses to liability or damages. Because the Proposed Settlement Agreement essentially provides significantly similar relief to what Plaintiffs would seek from the Court if the case were to proceed through trial, we believe that the settlement represents an excellent result for all Class members.

14. Plaintiffs' counsel is not aware of any other pending related separately filed actions in state or federal courts and there is no indication that Class Members have expressed an interest in controlling separate actions.

15. Pursuant to the analysis discussed in paragraph 5 above, Plaintiffs' counsel analyzed the data for different plans of allocation for Class 2.

16. Class Counsel analyzed an equal payment distribution, and each member would receive approximately $363.20, if each member of Class 2 were to receive an equal allocation of damages, without taking into account the number of academic years each Class Member participated in a varsity sport at SDSU and did not receive all of the athletic financial aid they could have

17. Class Counsel also analyzed a pro rata distribution for allocation, which is the allocation plan proposed to the Court.

18. Class Counsel believes that a fair distribution of the damages is for each member of Class 2 to receive an individual settlement payment distribution based on

her individual total number of qualifying academic years during the Class Period relative to the total years, in the aggregate, for Class 2.

19. Pursuant to the pro rata calculations, the recovery range for pro rata distribution is between $172.12 and $860.59 depending on the member's number of qualifying academic years. The distribution calculations are detailed in the chart below:

| Number of Years in Class 2 | Estimated Total Payment Amount | Estimated Number of Class Members Receiving Payment |
|---|---|---|
| 1 year | $172.12 | 350 |
| 2 years | $344.23 | 203 |
| 3 years | $516.35 | 137 |
| 4 years | $688.47 | 104 |
| 5 years | $860.59 | 32 |

20. No allocation will be for less than one academic year, at a minimum, so each Class 2 member, who does not opt out, is estimated to receive at least $172.12.

21. Plaintiffs' counsel evaluated two proposals for the Disbursement Administrator engagement.

22. Plaintiffs' counsel selected CPT Group to serve as the Disbursement Administrator. This decision was due, in part, to its procedures for securely handling class member data and pricing.

23. The cost of the services CPT Group will provide is approximated at $9,750 and the entirety of the amount will be paid by Class Counsel.

24. The scope of CPT Group's service will include establishing a Qualified Settlement Fund, receiving the class list, providing payment to class members in their allocated amount, taking commercially reasonable steps to address returned notice and any unclaimed Settlement payments and addressing any tax/ tax reporting issues.

25. CPT Group will also host a Settlement Website where election for digital payments may be made, and important case documents will be posted.

26. Plaintiffs' counsel believes the estimated costs are reasonable when compared to the value of the Settlement and the size of the Settlement Class, including the anticipated engagement by the Class.

27. SDSU has agreed to pay $1,300,000 for Plaintiffs' attorneys' fees and costs. This is a significant reduction from the lodestar calculated by Plaintiffs' counsel (hours expended multiplied by their usual hourly rates), which Plaintiffs agreed to accept in the interest of reaching the proposed settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 9th day of October 2025.

**Lori A. Bullock**